### BEFORE THE THIRD DIVISION, MARCH 19, 1948

**No. 52227.**—B. R. Anderson & Co. *v.* United States, protest 87694–K (Seattle).

EKWALL, Judge: This case is before the court upon an order restoring the same to the docket in order to enable plaintiff to produce additional evidence in view of changed circumstances.   The facts are set forth in said order which we quote as follows:

An importation of canned pineapples from the Philippines was entered at the port of Seattle, Washington, and upon liquidation 2,000 cases thereof were assessed with a tax under the Sugar Act of 1937 (50 Stat. 903 at 913), as extended by the

act approved October 15, 1940 (54 Stat. 1178), at the rate of 0.5144 cent per pound on the total sugars contained in "all articles composed in chief value of manufactured sugar." These provisions appear in the Internal Revenue Code, sections 3500 and 3508.

Upon entry the importer filed with the collector of customs a certificate of origin in lieu of a consular invoice, together with a statement showing the content of the manufactured sugar contained in the shipment. Article 263 of the Customs Regulations of 1937, in force at the time this importation took place, provides, in relation to goods shipped from the Philippine Islands:

* * * When merchandise is covered by a certificate of origin no certified invoice is required.

The statement of sugar content showed that the component material of chief value in items numbered 12, N13, and N14 was manufactured sugar: The collector accordingly assessed a tax of 0.5144 cent per pound upon those items.

We quote the pertinent portions of the Sugar Act in question as follows:

SEC. 3500. Rate of tax.

In addition to any other tax or duty imposed by law, there shall be imposed, under such regulations as the Commissioner of Customs shall prescribe, with the approval of the Secretary, a tax upon articles imported or brought into the United States as follows:

\* \* \* \* \* \* \*

(3) On all articles composed in chief value of manufactured sugar 0.5144 cent per pound of the total sugars therein.

SEC. 3507. Definitions.

For the purposes of this chapter—

\* \* \* \* \* \* \*

(b) MANUFACTURED SUGAR.—The term "manufactured sugar" means any sugar derived from sugar beets or sugarcane, which is not to be, and which shall not be, further refined or otherwise improved in quality; except sugar in liquid form which contains nonsugar solids (excluding any foreign substance that may have been added) equal to more than 6 per centum of the total soluble solids, and except also sirup of cane juice produced from sugarcane grown in continental United States.

\* \* \* \* \* \*

(c) TOTAL SUGARS.—The term "total sugars" means the total amount of the sucrose (Clerget) and of the reducing or invert sugars. The total sugars contained in any grade or type of manufactured sugar shall be ascertained in the manner prescribed in paragraphs 758, 759, 762, and 763 of the United States Customs Regulations (1931 edition).

\* \* \* \* \* \*

T. D. 49867 provides that:

* * * invoices of articles containing 10 percent or more by weight of manufactured sugar, as defined in Internal Revenue Code, sec. 3507, formerly section 401 (b) of the Sugar Act of 1937, are required, except as hereafter provided, to be accompanied by a statement in the following form, containing the data indicated therein in accordance with the appended instructions:

\* \* \* \* \* \* \*

Subsequent to liquidation and at the time of filing protest the importer presented to the collector a letter, together with an amended sugar statement. This amended sugar statement indicates that as to the items numbered 12, N13, and N14 manufactured sugar is not the component material of chief value. It is therefore claimed on behalf of the plaintiff that the merchandise is not subject to assessment of a compensating tax under the Sugar Act, *supra*.

At the hearing the importer's letter to the collector, together with the amended certificate of origin and amended sugar statement, were admitted in evidence by the judge presiding on the ground that these documents were part of the official file transmitted by the collector to the court. On the question of the weight to be accorded these papers, however, the court is of opinion that the amended sugar statement could be of little probative value in the absence of proof in the form of oral testimony or a deposition on the part of the shipper or some representative with knowledge of the facts. The statements in the importer's letter can have

no evidentiary value insofar as they relate to the circumstances surrounding the preparation of the sugar statements by the shippers, as to which they are purely hearsay. Counsel for the plaintiff at the trial stated that due to the fact that World War II was being waged, it was impossible to communicate with anyone in the Philippine Islands at the time this protest was filed and for a long time thereafter. It is the opinion of the court that in view of the changed circumstances the ends of justice would best be served by restoring the case to the docket in order that the circumstances which moved the shipper to file an amended sugar statement may be presented in the form of proper and acceptable evidence.

In view of the state of the record we consider it unnecessary to discuss the various questions presented on the merits.

It is the order of the court that the case be restored to the docket for the reasons above stated.

Upon the second hearing at the port of entry plaintiff's counsel produced no additional evidence but offered a document on customs Form 4371, which was part of the original file, entitled "Memorandum to Accompany Invoice." The admission of this document was objected to by Government counsel on the grounds (1) that it related to the advisory classification by an examiner, which is not binding upon the collector, and (2) that it was dated subsequent to the 90 days within which the collector under the statute may review his decision (section 515, Tariff Act of 1930).

Government counsel cited in support of the Government's position the case of *Oakland Food Products Co. et al.* v. *United States*, 32 C. C. P. A. (Customs) 28, C. A. D. 281, in which the court held that an appraiser's report is advisory only and does not bind the collector, and further, that the appraiser's answer to a protest is not competent evidence when not filed within the time required by the regulations. Under authority of that case, the document was held inadmissible by the judge hearing the case. No objection was taken to this ruling. No additional evidence was offered.

We find that plaintiff has failed to support its claim. The protest is therefore overruled.

Judgment will be rendered for the defendant.